44 C.C.P.A. (Patents)

**Application of Donna Jones KRATZ, Executrix of the Estate of James J. Jones, Deceased.**

**Patent Appeal No. 6216.**

United States Court of Customs and Patent Appeals.

Nov. 30, 1956.

J. Matthews Neale, Washington, D. C. (Strauch, Nolan & Neale, Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (Arthur H. Behrens, Washington, D. C., of counsel), for Commissioner of Patents.

Before JOHNSON, Chief Judge, and O'CONNELL, RICH, and JACKSON, retired, Associate Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office which reversed a rejection by the Primary Examiner of claim 17 of appellant's application serial No. 110,393 for a patent on a photographic record for recording the finish of a race, but made a new rejection of that claim under Patent Office Rule 196 (b), 35 U.S.C.A.Appendix.

The appealed claim is as follows:

"In a strip type photographic record of the finish of a racing contest comprising a film strip only having a background area longitudinally extending thereon formed by a continuous image of a narrow transverse portion of the race course containing and axially paralleling the actual finish line on the race course and photographic images of the contestants in their respective order of passing into and through said portion of the race course and their respective positions transversely of the race course: means for assuring proper application of a transverse determinative finish line to said film strip to provably establish the true order or passage of contestants past said actual finish line comprising transversely spaced light transmitting areas formed on said film strip and extending longitudinally from end to end and adjacent said background area, each of said

light transmitting areas containing line-like transversely extending, oppositely aligned, adjacent regions of differing light modifying characteristics disposed in transverse parallelism to the axis of said image of said narrow transverse portion of the race course and alternating longitudinally at closely spaced intervals and identifying means individual to spaced regions of similar light modifying characteristics in each of said longitudinally extending areas distinctively identifying corresponding and directly opposed regions of similar light modifying characteristics and adapting said directly opposed regions of similar light modifying characteristics for ready pairing as guide markings for locating a determinative finish line therebetween relative to any selected one of said images of said contestants and in parallelism to said actual finish line whereby said determinative finish line will be accurately applied to provably determine the order in which said contestants reach the portion of the race course containing the actual finish line of the race course."

The references relied on by the board are:

Belock, 2,257,100, Sept. 30, 1941; Del Riccio, 2,320,350, June 1, 1943; Manzanera, 2,348,401, May 9, 1944; Crowley, 2,430,975, Nov. 18, 1947; Allen, 2,443,-572, June 15, 1948.

Appellant's application relates to a photographic film showing the finish of a race. By means of an apparatus which is not involved here, the film, during the taking of the picture of the finish moves across a narrow slot corresponding to the position of the finish line in such a manner that the horses are in focus, while the stationary background appears merely as a formless gray tone. The contestants appear in the picture in the exact order in which they crossed the finish line, but the line itself, being stationary, does not appear in the picture taken on the moving film. However, in order to show that the camera was in proper position with respect to the finish line, a still picture of that line is taken on the film before it is set in motion for pho-

tographing the horses, and a similar still picture is taken after the last contestant has passed.

With the arrangement described it may be necessary, in the case of a close finish, to locate the position of the finish line on the film, where the first contestant reached it. If the apparatus was properly adjusted, as can be checked by the two still pictures of the finish line, that line extends exactly transversely of the film and the problem is therefore one of erecting a transverse line across the film at the point corresponding to the position of the leading contestant. In order to facilitate this, appellant's application discloses the provision of a series of closely spaced short lines along each edge of the film, each line on one edge being in exact alignment with a corresponding line on the other edge. Every other line on each edge is numbered, the numbers running from one to nine and then repeating, and the lines which are in alignment with each other are given corresponding numbers. It is thus a simple matter to locate a transverse line at any desired point by placing a straight edge against any given line on one edge of the film and the correspondingly identified line on the other. By selecting such a pair of lines opposite the position of the leading contestant the finish line may be erected and the position of the contestants with respect to it will be clear.

The patent to Allen No. 2,443,572, relates to a "photo-finish" device in which a series of pictures of the finish line are taken, in the manner of motion pictures, and the picture is selected which shows the leading contestant reaching the line. The patentee states that the picture is provided at one or both edges with a line showing the end of the finish line. It is not clear whether that result is obtained by photographing the ends of the line or in some other manner, but that question is not material here since the appealed claim is directed to the photographic record itself and not to the apparatus or method by which it was produced.

Allen shows a scale extending along one edge of the film only and "graduated in units corresponding to those of the track, e. g., feet, inches etc." In order to determine the position of the finish line he places the picture in an exact predetermined position on a special table and adjusts a straight edge, which is mounted for movement in such a way that it is always exactly transverse of the picture, until it contacts the nose of the leading contestant.

The patents to Belock 2,257,100, Del Riccio 2,320,350 and Crowley 2,430,975 all show devices for photographing the finish of a race on a moving film, in a manner similar to that employed by appellant, but none of them suggests the use of markings along opposite edges of the film as a means for locating the finish line.

The patent to Manzanera No. 2,348,-401 relates to an apparatus for recording wave form signals on a light-sensitive film. It is stated in the patent specification that the customary practice was to employ a series of spaced timing lines extending entirely across the film so that the time of arrival of any particular point on a wave could be noted. It was found, however, that so many cross lines tended to confuse the record and accordingly Manzanera extends only certain of the timing lines across the film, as, for example, every fifth one. The remainder of the timing lines are interrupted, so that only a short portion of each of them appears at each edge of the film. The patentee states that this arrangement is usually sufficient but that if the arrival time of an intermediate portion of a wave is significant "the necessary extension of the timing lines may be effected manually." The lines which extend entirely across the film are numbered at one end only and the intermediate lines are unnumbered.

The Board of Appeals found the appealed claim to be unpatentable over a combination of the Manzanera patent with any one of the patents to Allen, Belock, Del Riccio and Crowley, on the ground that it would not require invention to apply markings such as are shown by Manzanera to the picture of any of the other patents.

It is to be noted that the Manzanera patent, which relates to an apparatus for recording seismic signals, is taken from an art which is rather remote from that to which the other references relate, namely, the photographing of the finish of a race. It is true that in each case there is a problem involved of coordinating some point intermediate the edges of a film with markings on the edges and that when the Manzanera disclosure is placed side by side with the other references, certain similarities may be found, but it does not seem likely that anyone confronted with a problem relating to the finish of a race would turn to a seismographic art for a solution.

Moreover, the proposed combination of references would not result in a film which would fully satisfy the requirements of the appealed claim, since the Manzanera patent does not disclose the idea of correspondingly identifying directly opposed marks at opposite sides of the film. Moreover, Manzanera shows lines running entirely across the film at frequent intervals. Such lines would objectionably obstruct a picture of the finish of a race, and most of them would serve no useful purpose, since there would rarely be more than one or two points at which it would be necessary to locate a transverse line.

While the subject matter claimed is comparatively simple it provides a convenient and accurate means for obtaining a result which the references show to have been recognized as desirable. The references relied on in the rejection of the appealed claim are taken from diverse arts and they do not, singly or combined, suggest the structure claimed. The appealed claim is accurately limited to the particular advance made by the applicant and under the circumstances, we are of the opinion that it should have been allowed.

The decision of the Board of Appeals is reversed.

Reversed.

JACKSON, J., retired, sat for COLE, J.

WORLEY, J., was not present at the argument and did not participate in this decision.